IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK ALLEN MCCONAUGHY,**

    **Plaintiff,**

                                              Case No. 2:21-cv-2239

    vs.                                         Judge Michael H. Watson

                                              Magistrate Judge Elizabeth P. Deavers

**PROBATE COURT OF
BELMONT COUNTY, OHIO,**

    **Defendant.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names as Defendant "Probate Court of Belmont County, Ohio." (ECF No. 1-1, at 1.) Plaintiff's Complaint restated verbatim here alleges, in its entirety, as follows:

> The Probate Court of Belmont County, Ohio did violate Ohio Revised Code 2717.01 under two sections. Under Section 4, the notice of publication is to be waived when the personal safety of petitioner is at risk. Such safety issue was brought to the attention of the courts but ignored! Under Section 2, any notice of

3

> publication was to include the location, case number and time and date of the hearing only! This probate court contacted the Times Leader newspaper and in violation of my civil right to safety, released my current name and the name in which I was to change my name to! Due to my future name being unusual, a lady named Lyn Cole seen the notice and then brought it to the attention of a radio talk show called "106.3 The River." With no regard of possible safety concerns, this talk show stated "on air" my current and future name! Not once but many times! My petition included my daughter whom is only 13 years old! My petition was a form of self-defense against four Americans whom wishes harm done to me and my child! I have never been so betrayed by my fellow Americans as I am now! This County Court is further compounding the harm by having my local police department to intimidate me, blocking my phone in violation of my 14th Ammendment rights and preventing me from requesting a change of venue! I strongly seek justice for me and my child!

(*Id*. at 3.)

To the extent that Plaintiff is alleging a violation of his Fourteenth Amendment rights, the Court will construe his Complaint as attempting to assert a claim under 42 U.S.C. § 1983. However, any such claim against the Belmont County Probate Court fails because county "courts in Ohio qualify as arms of the state, and therefore 'are immune from suits brought by citizens of Ohio.'" *Phillips v. City of Cincinnati*, No. 1:18-CV-541, 2019 WL 2289277, at *10 (S.D. Ohio May 29, 2019) (quoting *Lott v. Marietta Mun. Court*, No. 2:13-CV-00377, 2013 WL 6662836, at *4 (S.D. Ohio Dec. 17, 2013) (compiling Sixth Circuit and Southern District of Ohio decisions finding the same)); *see also Mathis v. Netcare Corp.,* No. 2:12-CV-576, 2012 WL 2884804, at *1 (S.D. Ohio July 13, 2012) (County Probate Court entitled to absolute Eleventh Amendment immunity from suit). Any state law claims Plaintiff may be attempting to assert are likewise barred by the Eleventh Amendment. *See Jackson-Forbes v. Indus. Comm'n*, No. 2:18-CV-1544, 2020 WL 433380, at *3 (S.D. Ohio Jan. 28, 2020) (dismissing state law claims against agency that was an arm of the State because Ohio has consented to suit only in the Ohio Court of Claims).

Further, the Ohio Supreme Court has held:

> [A] court ... is not sui juris. A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law. Absent express statutory authority, a court can neither sue nor be sued in its own right.

*Phillips,* 2019 WL 2289277, at *10 (quoting *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248 (1976) (internal quotation marks and citations omitted)); *see also Cooper v. Rapp*, No. 2:16-CV-00163, 2016 WL 7337521, at *8 (S.D. Ohio Dec. 19, 2016), *aff'd*, 702 F. App'x 328 (6th Cir. 2017) (state court is not a proper party because it lacks an "independent legal existence" and therefore is incapable of being sued) (internal quotation marks and citation omitted).

Additionally, to the extent Plaintiff's allegations could be construed as directed to any judge of the Belmont County Probate Court, any such judge would be entitled to absolute judicial immunity. *Padgett v. Kentucky*, No. 1:21-CV-12, 2021 WL 215647, at *3 (S.D. Ohio Jan. 21, 2021) ("Judges retain absolute immunity from [Section 1983] liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them.") (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F. 3d 600, 607 (6th Cir. 2001)). Similarly, they would have Eleventh Amendment immunity for all claims against them in their official capacities for damages. *Lloyd*, 2020 WL 4455547, at *5 (citing *S.L. v. Peirce Twp. Bd. of Trs.*, No. 1:07cv986, 2009 WL 818436, at *11 n.7, 2009 U.S. Dist. LEXIS 31367, at *20–21 n.7 (S.D. Ohio Mar. 26, 2009)).

Moreover, to the extent Plaintiff's complaint could be read as challenging the outcome of any state court rulings, the Court is precluded from reviewing any state law decision. *See Davis v. Johnson*, 664 F. App'x 446, 448 (6th Cir. 2016) (internal quotation and citation omitted) ("The

5

claims in Plaintiff's instant complaint could be read as challenges to state court orders which are barred by the *Rooker-Feldman* doctrine.")

For all of these reasons, it is **RECOMMENDED** that the Court dismiss all claims against the Probate Court of Belmont County, Ohio.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

### **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED: June 28, 2021

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**